# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY DOYLE YOUNG, #60012-001 | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-0389-G-BK |
| | § | |
| KENNETH CRANK, Trust Fund | § | |
| Supervisor, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, *pro se* federal prisoner from Colorado, filed a *Civil Complaint* against Kenneth Crank, Trust Fund Supervisor, claiming he deliberately withheld prison funds "in violation of policy to prevent [Plaintiff's] access to indigent items." (Doc. 3). Plaintiff impliedly requests leave to proceed *in forma pauperis*. For the reasons that follow, it is recommended that this action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

## I. DISCUSSION

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The United States Court of Appeals for the Fifth Circuit has upheld the constitutionality of the three-strike provision. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Plaintiff has accrued three "strikes" under section 1915(g). Before filing this action, he had at least three civil actions dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and/or

1915A(b).  *See Young v. United States*, No. 4:12-CV-2742, (S.D. Tex., Houston Div., Sep. 17, 2012) (citing *Young v. United States*, No. 1:09-CV-2243 (N.D. Ga. 2009); *Young v. United States*, No. 1:09-CV-1974 (N.D. Ill. 2009) and cases cited therein); *Young v. Bureau of Prisons, et al.*, 1:09-CV-1873 (D. Co. Sep. 23, 2009) (collecting cases).[1]

Having accumulated three strikes, section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Even when liberally construed, the complaint presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same.  *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997).  As noted above, the complaint alleges only claims related to the administration of his inmate trust account.  Therefore, Plaintiff should be barred from proceeding *in forma pauperis* under section 1915(g).  *See Adepegba*, 103 F.3d at 388.

## II.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

SIGNED February 5, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] According to PACER (Public Access to Court Electronic Records), Plaintiff has filed over seventy actions nationwide since 2007.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE